**Bradford GARRETT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9710–CR–556.

Supreme Court of Indiana.

July 15, 1999.

Walter E. Bravard, Jr., Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Preston W. Black, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

A jury convicted Bradford Garrett of murder for "knowingly" killing Anthony Wise and of felony murder for killing Wise while committing robbery or attempting to rob. The trial court sentenced Garrett to concurrent terms of sixty-five years imprisonment on each count. Garrett raises three claims in this direct appeal, which we restate as contentions that: (1) he cannot be convicted of both murder and felony murder for the killing of the same person; (2) there is insufficient evidence to support the jury's verdict; (3) the trial court committed fundamental error when it instructed the jury on the mental element of murder; and (4) the trial court erred in its articulation of aggravating and mitigating circumstances and imposed a manifestly unreasonable sentence. We affirm Garrett's conviction and sentence for murder, but remand this case to the trial court with instructions to vacate the felony murder conviction.

**Factual and Procedural Background**

During the late evening hours of February 13, 1996, Anthony Wise's car struck a house on North Kenwood Avenue in Indianapolis. A neighbor left his house to find Wise's engine running with the transmission engaged. Wise's dead body was lying face down across the front seat of the car. Police were called to the scene and an investigation ensued.

Police found a broken firearm hammer on the front passenger floorboard of Wise's car and also discovered an indentation in the metal molding of the driver's window. A firearm examiner determined that the hammer was similar to that found on two brands of single shot shotguns and that the hammer "could have created" the indentation on the molding. An autopsy determined that Wise died from a shotgun blast to the head fired from less than three feet with a point of entry behind the left ear.

Within days of the killing, Garrett, then seventeen years old, telephoned his friend Shawn Alexander and asked whether Alexander had seen anything on the news about a man who had been shot. Alexander said that he had not. Garrett told Alexander that he shot a man on Kenwood Avenue after the man "made a move" and that "[h]e was sorry for what he had did." Alexander handed the phone to another friend of Garrett's, Charles Taylor. Garrett told Taylor that he had "killed a man ... with his shotgun ... [o]n Kenwood." Both Alexander and Taylor had seen Garrett carry a single shot, sawed-off shotgun. Garrett also told another friend, Gregory Terry, that "he did it" during a struggle "with the gun and it just went off or somethin'."

Taylor reported his conversation with Garrett in the course of an investigation for another crime. After a warrant was secured and Garrett was arrested, he gave a statement to police. Garrett said that he was on Kenwood selling crack cocaine with seventeen-year-old Taijuan Patton when he saw Patton approach a car and shoot the driver. Garrett told the police that he did not own a sawed off shotgun but that he had a 32 automatic with him at the time of the shooting.

At trial the State introduced evidence that Patton was incarcerated in a juvenile detention center on the night of the shooting (from January 24, 1996 to February 16, 1996). Garrett took the stand and admitted that he had lied to police and had accused Patton because the two were "enemies." He then testified that he was selling crack cocaine on Kenwood on the evening of the killing with three men, one of whom was Donald Carter. He testified that Carter and one of the others approached the driver's side of Wise's car and talked to Wise briefly, then Carter pulled out a gun and shot Wise in the head. Garrett denied ever speaking to Taylor about the killing. He said that he had joked about his possible involvement with Alexander and Terry while the three watched a news account of the killing on television, but later told them that he "did not do it."

The jury found Garrett guilty of both murder and felony murder.

## I. Convictions for Both Murder and Felony Murder

█ The State concedes that a defendant may not be convicted of both "knowing or intentional" murder and felony murder for the killing of the same person. *See, e.g., Hicks v. State,* 544 N.E.2d 500, 505 (Ind. 1989); *Sandlin v. State,* 461 N.E.2d 1116, 1119 (Ind.1984). Accordingly, we remand this case to the trial court with instructions to vacate the felony murder conviction.

## II. Sufficiency of the Evidence for Murder

█ Garrett contends that there is insufficient evidence to support the jury's verdict that he knowingly killed Wise. Our standard of review for sufficiency of the evidence claims is well established. We do not reweigh evidence or assess the credibility of witnesses. We look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is sufficient probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Taylor v. State,* 681 N.E.2d 1105, 1110 (Ind. 1997). Although not overwhelming, there is sufficient evidence to support the jury's verdict.

█ Wise was found dead in his vehicle as a result of a gunshot wound to the back of the head. The intent to kill may be inferred from the firing a weapon in a manner likely to cause death or serious bodily injury. *Webster v. State,* 699 N.E.2d 266, 268 (Ind. 1998). Both in his statement to police and trial testimony, Garrett admitted that he was at the scene of the shooting but blamed the killing on others in each account. Three of Garrett's friends testified that Garrett told them that he was the shooter. In addition to this testimony, the State presented evidence relating to the weapon used in the killing. The firearm expert who examined the broken hammer found on the floorboard of Wise's car testified that two types of weapons, both "single shot" shotguns, have a similar hammer. The examiner also concluded that the indentation in the molding of Wise's car door could have been caused by impact from the hammer found in the car. The pathologist testified that the victim's wound was caused by a shotgun. Alexander testified that he had seen Garrett carry a "20 gauge sawed off . . . [s]hotgun" in his sleeve and Taylor testified that Garrett told him he had shot the man on Kenwood with his "gauge," which Taylor knew to be the "sawed off shotgun" that he had seen Garrett carry.

Garrett gave inconsistent accounts of the killing. He initially told police that Patton shot Wise, then testified at trial that Carter was the killer. In addition, his statement to police and trial testimony conflict with the testimony of other witnesses on important points regarding the time, place and content of his conversations with Alexander and Terry, his denial that he had spoken to Taylor about the killing, and the type of gun he carried.

█ In short, Garrett admitted the killing to three different people, physical evidence showed that the fatal wound to Wise was caused by the same type of gun that witnesses had seen Garrett carry, and Garrett offered two different accounts of the killing, neither of which was consistent with the accounts given by other witnesses. The jury was in the best position to assess the credibility of witnesses and it was the jury's exclu-

sive prerogative to weigh this conflicting evidence. *Robinson v. State*, 699 N.E.2d 1146, 1148 (Ind.1998) (citing *Garrett v. State*, 602 N.E.2d 139, 142 (Ind.1993)). After assessing witness credibility and sorting through the conflicting evidence, the jury found Garrett guilty of murder beyond a reasonable doubt. There is sufficient evidence to support its verdict.

### III. Murder Instruction

■ Garrett argues that the trial court erred when it failed to instruct the jury that he must have "specifically intended" to kill Wise in order to be convicted of murder. However, because Garrett did not object to the court's instruction at trial, any claim of error is waived on appeal unless the error rises to the level of fundamental error. *Sanchez v. State*, 675 N.E.2d 306, 308 (Ind.1996).

■ There is no error, much less fundamental error. As this Court recently held in *Williams v. State*, 700 N.E.2d 784 (Ind.1998), the requirement of a "specific intent to kill" applies only in attempted murder cases, and not in murder cases where "the defendant may be convicted upon a showing of *either* an intentional or knowing killing." *Id.* at 788 (emphasis in original). The trial court properly instructed the jury on the elements of murder.

### IV. Sentencing Issues

■ Garrett contends that the trial court erred in its finding of mitigating and aggravating circumstances. He also requests that his sentence be reduced because it is "manifestly unreasonable." As a preliminary matter, we note that Garrett failed to include a transcript of his sentencing hearing in the record of proceedings. The Indiana Rules of Appellate Procedure require a party to transmit those portions of the record relevant to the claims raised. *See* Ind. Appellate Rule 7.2(B); *see also Turner v. State*, 508 N.E.2d 541, 543 (Ind.1987) ("It is the duty of an appellant to present a record that is complete and that supports his [or her] claim of error so that an intelligent review of the issues may be made."). The failure to submit a transcript of the sentencing hearing could be found to waive any claim of sentenc-

ing error. *Cf. Pannarale v. State*, 627 N.E.2d 828, 831 (Ind.Ct.App.1994), *summ. aff'd*, 638 N.E.2d 1247, 1249 (Ind.1994) (failure to submit transcript of hearing on motion for return of property resulted in waiver of issue on appeal). However, rather than finding the issue waived we consider only the limited record before us in addressing Garrett's claims.

#### A. *The Aggravating and Mitigating Circumstances*

■ Garrett contends that the trial court "refused to find any mitigating circumstances, even Bradford Garrett's young age of 18 years at sentencing." The record before us rebuts this contention in two respects. First, the Chronological Case Summary entry from the December 12, 1996 sentencing hearing states that the "court finds mitigating circumstances to be the defendant[']s age." Second, an entry four days later states that the trial court also found Garrett's "unstable home life as a youth" to be a mitigating circumstance. The latter mitigator is also included on the abstract of judgment. Based on the record before us, it is clear that the trial court articulated and found at least two mitigating circumstances.

■ Garrett also contends that the trial court erred in finding two circumstances to be aggravating. We agree that it was improper for the trial court to find as an aggravating factor that "the imposition of a reduced sentence would depreciate the seriousness of the crime." This may not enhance a sentence. It applies only when the trial court is considering imposing a sentence of shorter duration than the presumptive. *See, e.g., Jones v. State*, 675 N.E.2d 1084, 1088 (Ind.1996). Second, Garrett argues that the trial court "used some of the very elements of the crimes to enhance the sentence on those crimes, namely the use of a weapon and 'this was a particularly violent offense.'" The limited record before us does not contain the quoted language or otherwise support this contention. Garrett was convicted of murder, which is defined as knowingly or intentionally killing another human being.

See IND.CODE § 35–42–1–1 (1993). It is not an element of the offense that Garrett used a weapon and killed Wise in a "particularly violent" manner. Moreover, the "nature and circumstances" of a crime is a proper aggravating circumstance provided it does not merely rely on the statutory elements of the offense. *See Angleton v. State*, 686 N.E.2d 803, 815 (Ind.1997).

In sum, although the trial court erred in finding one improper aggravating circumstance, other valid aggravators remain including a history of delinquent activity as evidenced by Garrett's juvenile record and his admission at trial that he regularly dealt crack cocaine. A single aggravating circumstance may be sufficient to support an enhanced sentence. *Barany v. State*, 658 N.E.2d 60, 67 (1995); *Sweany v. State*, 607 N.E.2d 387, 391 (Ind.1993). If the trial court improperly applies an aggravator, but other valid aggravators exist, a sentence enhancement may still be upheld. *See Gibson v. State*, 702 N.E.2d 707, 710 (Ind.1998) (citing *Blanche v. State*, 690 N.E.2d 709, 715 (Ind. 1998)). In light of the valid aggravating circumstances that remain, the trial court did not abuse its discretion by imposing an enhanced sentence.

### B. *Manifestly Unreasonable*

As a final point, Garrett contends that his sentence is manifestly unreasonable. Although this Court has the constitutional authority to review and revise sentences, IND. CONST. art. VII, § 4, it will not do so unless the sentence imposed is "manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B). The Court has explained this standard as "not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Prowell v. State*, 687 N.E.2d 563, 568 (Ind.1997), *cert. denied,* —— U.S. ——, 119 S.Ct. 104, 142 L.Ed.2d 83 (1998).

Mitigating factors relating to Garrett's character include his age of seventeen at the time of the offense and his "unstable home life as a youth." However, according to the presentence report Garrett had a history of contacts with the juvenile justice system including arrests for residential entry, theft, possession of paraphernalia, and fleeing the police.[1] In addition, Garrett testified at trial that he regularly dealt crack cocaine. The nature of the offense, as is true of all murder cases, is severe and troubling. Anthony Wise died as the result of a gunshot to the back of the head at close range. Giving due deference to the trial court's determination of an appropriate sentence, we conclude that Garrett's sixty-five year sentence for murder is not manifestly unreasonable in light of the nature of the offense and character of the offender.[2]

### Conclusion

Bradford Garrett's conviction and sentence for murder is affirmed. This case is remanded with instructions to vacate the conviction for the felony murder.

---

1. The presentence report states that the residential entry offense was still "open" at the time of sentencing, that Garrett was adjudicated delinquent of a theft charge that "would have been a Class D Felony if committed by an adult," and that he was placed on conditional release as a result of the final two charges. It further states that Garrett was alleged to have violated his conditional release, "resulting in an active Detention Order."

2. Garrett also contends that his sixty-five year sentence is cruel and unusual punishment and denies him an opportunity for rehabilitation or reformation in contravention of the Indiana Constitution. *See* IND. CONST art. I, § 16; IND. CONST. art. I, § 18. The prohibition against cruel and unusual punishment is "aimed at the kind and form of the punishment, rather than the duration and amount." *Ratliff v. Cohn*, 693 N.E.2d 530, 542 (Ind.1998) (quoting *Wise v. State*, 272 Ind. 498, 502, 400 N.E.2d 114, 117 (1980)). Garrett's sixty-five year sentence does not violate this provision. *Cf. Lawrence v. State*, 268 Ind. 330, 339–40, 375 N.E.2d 208, 213–14 (1978) (sentence of life imprisonment does not violate Article I, § 16). Nor does it violate Article I, § 18. As this Court recently reiterated in *Ratliff*, "particularized, individual applications are not reviewable under Article 1, Section 18 because Section 18 applies to the penal code *as a whole* and does not protect fact-specific challenges." 693 N.E.2d at 542 (emphasis in original). *See also Lowery v. State*, 478 N.E.2d 1214, 1220 (Ind. 1985) (death penalty does not violate Article I, § 18); *Williams v. State*, 426 N.E.2d 662, 670–71 (Ind.1981) (130 year sentence does not violate Article I, § 18).

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

SULLIVAN, J., concurs in result.