Collin **MERRILL**, Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 45S00–9806–CR–351.

Supreme Court of Indiana.

Sept. 29, 1999.

Marce Gonzalez, Jr., Merrillville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Collin Merrill was convicted of murder and sentenced to fifty-five years imprisonment. In this direct appeal he contends that the trial court erred in sentencing him to the presumptive sentence for murder and that his trial counsel was ineffective for failing to request a jury instruction on an alibi defense. We affirm the judgment of the trial court.

**Factual and Procedural Background**

Merrill attended Morton High School in Hammond with the victim, Peggy Caroth-

ers. The pair dated from the fall of 1996 until February 1997, when Merrill began dating someone else. After the two broke up, Carothers harassed Merrill and his new girlfriend, by, among other things, claims that Carothers was pregnant by Merrill.

On April 28, 1997, Merrill discussed the best way to kill someone with several of his friends.[1] He reported his conclusion that the best way to murder a person would be to lure the victim to the woods, deliver a blow to the head, and bury the body. He also identified his potential victim as having a tattoo on the ankle, which Carothers did. Two days later, on April 30, after Carothers ate lunch with her friends in the high school cafeteria around 11:00 a.m., she was accosted by Merrill on the way to her fifth period class. Before sixth period, another student saw Carothers walking with Merrill. Neither Carothers nor Merrill attended sixth period class that day. When Carothers' parents came to school to pick her up that afternoon, she had disappeared.

In early May, two students found a hole in Scott Woods, located directly across from the high school. The next day, one of the two returned with a friend, partially uncovered the hole with a shovel, found a piece of clothing, and again left the site. Later, apparently that same day, as they were returning to the hole, the students encountered Merrill in the woods, and Merrill borrowed the shovel from them. Upon revisiting the hole approximately ten minutes later, the students discovered that it was re-covered. Several weeks later, the students again returned, dug up the hole, found what they thought might be a corpse, and called the police.

In addition to Carothers' moderately to severely decomposed body, police found a piece of metal pipe and cigarettes in the grave. The pathologist concluded that Carothers had eaten thirty to sixty minutes before her death and her death was caused by a blunt force trauma to her head and asphyxiation obstruction. Her skull was fractured and her mouth and throat were packed with more soil than a person can normally swallow. Carothers was not pregnant.

At trial Merrill testified that although he was not in sixth period on the day of the murder, he did not kill Carothers. Rather, he skipped sixth period to smoke cigarettes in the bathroom. Merrill claimed to have been smoking with another student, Corey O'Hare. O'Hare testified that he did not smoke in the bathroom with Merrill on the day in question.

Merrill was convicted by a jury of Carother's murder. The trial court sentenced him to fifty-five years imprisonment.

## I. Sentencing Error

■ Merrill contends that the trial court's sentence of fifty-five years was manifestly unreasonable.[2] The basis for Merrill's challenge to his sentence is his contention that the trial court erred by finding two aggravating factors—the nature of the crime and the manner in which it was committed—when these two factors constituted only one. This claimed error is more in the nature of a procedural flaw than the imposition of a manifestly unreasonable sentence. Viewed either way, Merrill presents no persuasive argument.

■ First, it is not clear from the record that the trial court considered the nature and manner of the offense as two aggravators. At the sentencing hearing,

---

1. There appears to be some question as to whether this conversation occurred on April 21 or April 28. Merrill testified that he and his classmates discussed methods of murdering people on the twenty-first, but three other boys, David Horgash, Brandon Pettis, and Jason Florek, thought the conversation occurred on the twenty-eighth.

2. Merrill also states that his sentence was disproportionate. He offers no argument in support of this contention except that bare assertion. Because he failed to make a cogent argument, this assertion is waived. See Anderson v. State, 699 N.E.2d 257, 260 n. 2, 261 n. 3 (Ind.1998); Ind. Appellate Rule 8.3(A)(7).

the court listed as aggravators both the nature and manner of the murder and Merrill's history of juvenile delinquency. Also during the hearing, the trial court referred to the to nature and manner of the crime as a single aggravator. Only once, in the sentencing order, did the trial court use the nature and manner of the crime as two aggravators.

Merrill cites no case law for the propositions that simple arithmetic governs sentencing or that the standard of review is de novo because the trial court may have evaluated one aggravator as two. The trial court properly found as aggravators Merrill's history of delinquent activity, *see* IND.CODE § 35–38–1–7.1(b)(2) (1998), and the nature and manner of the current offense, *see Thacker v. State,* 709 N.E.2d 3, 10 (Ind.1999) (the nature and circumstances of a crime is a proper aggravator), and as mitigators, Merrill's age and his dysfunctional family life. Under these circumstances, we cannot conclude that the trial court's sentence was procedurally incorrect.

██ Second, the sentence was not manifestly unreasonable. Although this Court has the constitutional authority to review and revise sentences, IND. CONST. art. VII, § 4, it will not do so unless, after a reexamination of the valid aggravating and mitigating circumstances, the sentence imposed is "manifestly unreasonable in light of the nature of the offense and the character of the offender." *See Carter v. State,* 711 N.E.2d 835, 841 (Ind.1999); Ind. Appellate Rule 17(B). This review is deferential to the trial court: "[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Bunch v. State,* 697 N.E.2d 1255, 1258 (Ind.1998) (quoting *Prowell v. State,* 687 N.E.2d 563, 568 (Ind. 1997), cert. denied, — U.S. ——, 119 S.Ct. 104, 142 L.Ed.2d 83 (1998)). The "nature of the offense" was the luring of a young girl to the woods where she was hit in the head and buried. The murder was premeditated and Merrill showed no re-

morse. Under the "character of the offender," the trial court found that Merrill was sixteen at the time of the crime and had a dysfunctional family life, but he also had a lengthy prior juvenile record. In view of these factors, the trial court's imposition of the presumptive sentence was not "clearly, plainly, and obviously" unreasonable.

## II. Ineffective Assistance of Counsel

██ Merrill further contends that his trial counsel was ineffective because he failed to request a jury instruction on Merrill's alibi defense. To prevail on this claim, Merrill must show that (1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that because of counsel's errors the result of the proceeding is unreliable or unfair. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). As to the first prong, there is a strong presumption that counsel's performance was not deficient, and a defendant must overcome that presumption with strong and convincing evidence. *Harrison v. State,* 707 N.E.2d 767, 777 (Ind.1999); *Taylor v. State,* 689 N.E.2d 699, 705 (Ind.1997).

 In this case, Merrill's trial counsel was not deficient by failing to request a jury instruction on an alibi defense. "[T]actical choices by trial counsel do not establish ineffective assistance of counsel even though such choices may be subject to criticism or the choice ultimately prove[s] detrimental to the defendant." *Smith v. State,* 689 N.E.2d 1238, 1244 (Ind. 1997) (quoting *Garrett v. State,* 602 N.E.2d 139, 142 (Ind.1992)). Trial counsel tendered instructions relating to manslaughter, but he did not request an alibi instruction. Because Merrill's sole alibi witness denied that he was in the restroom during the time of the murder, trial counsel could reasonably conclude that the best trial

strategy would be to attempt to secure a conviction for a lesser offense than murder. This decision by trial counsel is the type of tactical choice that does not fall below an objective standard of reasonableness. *See Whitener v. State,* 696 N.E.2d 40, 43 (Ind.1998) ("The decision of whether or not to present a defense can be considered a matter of trial strategy and will not be lightly second guessed.").

Furthermore, Merrill has not shown that the decision not to tender an alibi instruction resulted in prejudice to him. The jury heard his alibi defense and if it had believed him, could have returned a verdict in his favor. The jury also heard Merrill's alibi witness deny being in the restroom with him. Given this testimony, tendering a jury instruction on an alibi defense was unlikely to change the outcome of the trial and did not render the result of the trial fundamentally unfair or unreliable. Merrill's trial counsel was not ineffective for failing to give a jury instruction on an alibi defense.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

SULLIVAN, J., concurs in result without opinion.