Timothy EVANS Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 91S04–0003–CR–216.

Supreme Court of Indiana.

March 24, 2000.

Scott A. Kinsey, Kinsey Law Firm, Kokomo, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## ON PETITION TO TRANSFER

DICKSON, Justice

The defendant-appellant, Timothy Evans, was convicted of dealing in cocaine, a class A felony, for knowingly or intentionally delivering cocaine in an amount weighing greater than three grams. He received a sentence of fifty years. The Court of Appeals affirmed in a memorandum decision. The defendant seeks transfer.

Among the issues presented is a claim that the sentence is manifestly unreasonable. The trial court determined that the presumptive sentence of thirty years should be enhanced by twenty years, thereby imposing the maximum class A felony sentence of fifty years. This Court may revise a criminal sentence that is

"manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B). In determining whether a sentence is manifestly unreasonable, "the issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Echols v. State,* 722 N.E.2d 805, 809 (Ind.2000) (quoting *Bunch v. State,* 697 N.E.2d 1255, 1258 (Ind.1998) (quoting *Prowell v. State,* 687 N.E.2d 563, 568 (Ind.1997))).

■ Purveyors of cocaine and illegal narcotic drugs are a menace to society. Our legislature has determined that the crime of knowingly or intentionally delivering cocaine weighing three grams or more is so reprehensible that it warrants sentencing as a class A felony.[1] This class of high sentencing severity also applies to other major crimes including, for example, kidnapping,[2] rape while armed with a deadly weapon,[3] robbery resulting in serious bodily injury,[4] arson resulting in bodily injury,[5] and burglary resulting in bodily injury.[6] The punishment prescribed by statute for a conviction for a class A felony is imprisonment "for a fixed term of thirty years, with not more than twenty years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances."[7] As to the crime of dealing in cocaine, the maximum available sentence as a class A felony would be fifty years regardless whether the quantity of cocaine involved was three grams or three tons. The maximum possible sentences are generally most appropriate for the worst offenders. *See Buchanan v. State,* 699 N.E.2d 655, 657 (Ind.1998); *Bacher v. State,* 686 N.E.2d 791, 802 (Ind. 1997).

When he committed this offense, the defendant was nineteen years old. The crime occurred when a confidential police informant, wearing a body wire and carrying marked money, went to the defendant's home. The defendant's mother permitted him to enter and advised him that the defendant was asleep in his room. The police informant woke the defendant and asked if he had any drugs for sale. The defendant responded that he had obtained two ounces of cocaine, but had already sold one and one-half ounces, so he could sell the informant only one-quarter of an ounce. The two agreed on a price of $325. The informant paid $225 and then left to get the rest of the money, taking with him the 6.55 grams (approximately one-quarter of an ounce) of cocaine purchased. The trial evidence also revealed that the same informant attempted to make another cocaine purchase from the defendant, but that the defendant refused, expressing concern for the informant's new family. The defendant's comments to the informant, however, indicated the defendant's intention to continue selling drugs.

Despite his youth, the defendant had already accumulated a record of unlawful activity. He had three juvenile adjudications for offenses that would be felonies if committed by an adult (theft, criminal trespass, and auto theft) and one adult misdemeanor conviction for receiving stolen property. None of the offenses involved violence, but the defendant was already on probation at the time of this offense and had also previously violated his juvenile probation.

We conclude that, in light of the nature of the offense and the character of the offender, the maximum sentence allowed by law for dealing in cocaine as a class A felony is clearly, plainly, and obviously unreasonable in this case. We grant transfer and vacate the fifty-year sentence and re-

1.  IND.CODE § 35–48–4–1.

2.  IND.CODE § 35–42–3–2.

3.  IND.CODE § 35–42–4–1.

4.  IND.CODE § 35–42–5–1.

5.  IND.CODE § 35–43–1–1.

6.  IND.CODE § 35–43–2–1.

7.  IND.CODE § 35–50–2–4.

mand to the trial court with instructions to impose the presumptive sentence of thirty years. We otherwise summarily affirm the opinion of the Court of Appeals.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur. SULLIVAN, J., concurs in result.