**Andy J. KING, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 33A04–0112–CR–539.**

Court of Appeals of Indiana.

June 6, 2002.

Amy K. Noe, Arnold & Noe, LLP, Richmond, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Andy J. King appeals the sentence imposed after he was convicted of theft, a Class D felony.[1] He asserts that the three-year sentence he received is manifestly unreasonable in light of the nature of the offense and the character of the offender. We find it is not, and affirm the trial court's sentence.

## FACTS AND PROCEDURAL HISTORY

On March 5, 2001, King stole twenty-two cartons of cigarettes from a gas station in

---

1. Ind.Code § 35–43–4–2.

Henry County, Indiana. When he stole the cigarettes, he was out on bond from a charge of conversion in Delaware County, Indiana. King was charged with theft and he entered a plea of guilty.

In the sentencing hearing, the trial court found numerous aggravating circumstances, including King's prior criminal record, the nature and circumstances of the crime and the high risk of recidivism. The trial court did not find any specific mitigating circumstances, but it noted that King had no prior felony convictions and that the stolen cigarettes had been recovered. The trial court then sentenced King to three years executed.

## DISCUSSION AND DECISION

King contends the trial court erred when it sentenced him to the maximum sentence for a Class D felony, as he had never before been convicted of a felony. He argues that the maximum sentence "is manifestly unreasonable in light of it being his first felony conviction as well as the nature of the particular offense, a petty theft." (Br. of Appellant at 3.)

■■■ King is correct that this was his first felony conviction. However, "[t]his Court will not revise a sentence authorized by statute except where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." *Poulton v. State*, 666 N.E.2d 390, 393–94 (Ind.1996); Ind. Appellate Rule 17(B)(1). A sentence is not manifestly unreasonable unless no reasonable person could find the sentence appropriate to the particular offense or offender. *Id.* The standard for review is whether the sentence "is clearly, plainly, and obviously"

unreasonable. *Buchanan v. State*, 767 N.E.2d 967, 972–73 (Ind.2002); *Spears v. State*, 735 N.E.2d 1161, 1168 (Ind.2000), *reh'g denied.*[2]

■■■ Although King was only twenty-seven years old when he was sentenced for the instant crime, his criminal history is lengthy. He has been convicted of minor consuming, a Class C misdemeanor; possession of marijuana, a Class A misdemeanor; five counts of driving while suspended, Class A misdemeanors; public intoxication, a Class B misdemeanor; battery resulting in bodily injury, a Class A misdemeanor; three counts of resisting law enforcement, Class A misdemeanors; criminal mischief, a Class B misdemeanor; reckless driving, a Class B misdemeanor; and three counts of conversion, Class A misdemeanors. At the time of the sentencing hearing, he also had pending multiple counts of theft as Class D felonies, along with charges of criminal conversion, a Class A misdemeanor; driving while suspended, a Class A misdemeanor; and possession of marijuana, a Class A misdemeanor.

King's sentence of three years executed is not clearly, plainly, and obviously unreasonable; rather, it is clearly, plainly and obviously reasonable. A review of King's criminal history indicates that he has refrained from committing crimes for significant periods of time only when he has been incarcerated. When he has been on probation, he has consistently violated the terms of the probation. While this is his first felony conviction, we note that several other Class D felony charges were pending at the time of sentencing.

2. We acknowledge the well-reasoned discussion in the concurring opinion questioning the extent to which this standard is consistent with our authority to review and revise sentences under Ind. Appellate Rule 7(B). How-

ever, in light of our supreme court's articulation of this standard as recently as one month prior to today's opinion in *Buchanan,* we believe we are obliged to apply that standard to our review of King's sentence.

The trial court did not err in sentencing King to the maximum sentence for a Class D felony.

Affirmed.

BAKER, J., concurs.

NAJAM, J., concurring in result with separate opinion.

NAJAM, Judge, concurring in result.

I concur in result and write separately to express my disagreement with the standard of review applied by the majority. While our supreme court has sometimes described the standard of review for sentences to be whether the sentence "is clearly, plainly, and obviously" unreasonable, *Spears v. State*, 735 N.E.2d 1161, 1168 (Ind.2000), that formulation subverts Indiana Appellate Rule 7(B). The "clearly, plainly, and obviously" unreasonable test reinstates the standard of review our supreme court abandoned when it amended former Indiana Appellate Rule 17(B) in 1997.

Our authority to review and revise sentences is found in the text of the Constitution and is independent from our general appellate jurisdiction. *Bluck v. State*, 716 N.E.2d 507, 515 (Ind.Ct.App.1999). In 1970, the Indiana Constitution was amended, in part, to specifically charge this court with responsibility to review and revise sentences "to the extent provided by rule." IND. CONST. art. VII, § 6.[3] This Amendment originated in the *Report of the Judicial Study Commission* (1966), which explained that "the proposal that the appellate power in criminal cases include the power to review sentences is based on the efficacious use to which that power has been put by the Court of Criminal Appeals in England." Comment at 140. The Commission's comments demonstrate that the intent of the Amendment was to expand the role of appellate review, not restrict it.

Until 1997, the governing appellate rule provided:

(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed.

Rule 2, Indiana Rules for the Appellate Review of Sentences (effective Jan. 1, 1978); former App. R. 17(B) (effective Jan. 1, 1990). The "no reasonable person" provision, however, established an extremely high hurdle for the appellate review of sentences. Indeed, under the former rule, we had to find that the trial judge was an unreasonable person in order to revise a sentence on appeal. Effective March 1, 1997, our supreme court amended former Appellate Rule 17(B), now Rule 7(B), and deleted paragraph two, including the "no reasonable person" language. As a result of that amendment, this court has "more meaningful appellate review" of sentences. *Bluck*, 716 N.E.2d at 516; *see also Walker v. State*, 747 N.E.2d 536, 538 (Ind.2001).

But this court's independent constitutional authority to review and revise sentences was again restricted in *Prowell v. State*, 687 N.E.2d 563, 568 (Ind.1997), *cert. denied*, 525 U.S. 841, 119 S.Ct. 104, 142 L.Ed.2d 83 (1998). In that case, the majority opinion interpreted "manifestly unreasonable" to mean not whether the sentence is unreasonable, "but whether it is

---

**3.** This Amendment became effective on January 1, 1972.

clearly, plainly, *and* obviously so." *Id.* (emphasis added). Justice Sullivan dissented and emphasized the court's constitutional obligation to review and revise sentences. *Id.* at 570 (Sullivan, Justice, dissenting). Specifically, he addressed the court's duty not only to review the trial court's sentencing determination, but also " 'to determine whether in our judgment the [sentence] is appropriate for the defendant under the circumstances of the case.' " *Id.* (citations omitted). In subsequent cases, Justice Sullivan has continued to emphasize the court's independent constitutional authority to review and revise sentences.[4]

Since *Prowell,* our supreme court has followed the "clearly, plainly, and obviously" unreasonable test in numerous opinions.[5] In turn, that test has trickled down to the opinions of this court. *See, e.g., Walker v. State,* 758 N.E.2d 563, 567 (Ind. Ct.App.2001), *trans. denied; Powell v. State,* 751 N.E.2d 311, 315 (Ind.Ct.App. 2001); *Pope v. State,* 740 N.E.2d 1247,

1253 (Ind.Ct.App.2000); *Allen v. State,* 719 N.E.2d 815, 820 (Ind.Ct.App.1999), *trans. denied.* Still, the rule governing our appellate review is clear: "The Court shall not revise a sentence authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). As Chief Justice Shepard has said, this standard is "a very tough standard to meet." *Walker,* 747 N.E.2d at 538. But the "clearly, plainly, and obviously" unreasonable test distorts the rule and reinstates the even tougher standard of review that our supreme court abandoned with its 1997 amendment.

The words "clearly," "plainly," and "obviously" are synonyms for "manifestly." *Prowell,* 687 N.E.2d at 568. Since these adverbs have the same or nearly the same meaning (i.e., clearly = plainly = obviously = manifestly), it may appear that the combination of these words is simply redundant, and that a "clearly, plainly and

---

4. *See, e.g., Dunlop v. State,* 724 N.E.2d 592, 598 (Ind.2000) (Sullivan, Justice, concurring with opinion except as to the sentence of life without parole); *Echols v. State,* 722 N.E.2d 805, 809 (Ind.2000) (Sullivan, Justice, dissenting as to review of sentence); *Bonds v. State,* 721 N.E.2d 1238, 1244 (Ind.1999) (Sullivan, Justice, concurring except as to issue of whether sentence was manifestly unreasonable, as to which he concurs in result); *Dye v. State,* 717 N.E.2d 5, 22 (Ind.1999) (Sullivan, Justice, concurring but writing separately "to provide additional review of the appropriateness of the death sentence"), *cert. denied,* 531 U.S. 957, 121 S.Ct. 379, 148 L.Ed.2d 292 (2000); *Thacker v. State,* 709 N.E.2d 3, 11 (Ind.1999) (Sullivan, Justice, concurs except as to determination that 175–year sentence was not clearly, plainly and obviously unreasonable).

5. *Buchanan v. State,* 767 N.E.2d 967 (Ind. 2002); *McCann v. State,* 749 N.E.2d 1116, 1121 (Ind.2001); *Winn v. State,* 748 N.E.2d 352, 360 (Ind.2001); *Lemos v. State,* 746 N.E.2d 972, 976 (Ind.2001); *Tobar v. State,*

740 N.E.2d 109, 113 (Ind.2000); *Scruggs v. State,* 737 N.E.2d 385, 387 (Ind.2000); *Rascoe v. State,* 736 N.E.2d 246, 250 (Ind.2000); *Spears,* 735 N.E.2d at 1168; *Noojin v. State,* 730 N.E.2d 672, 679 (Ind.2000); *Bonds v. State,* 729 N.E.2d 1002, 1007 (Ind.2000); *Baxter v. State,* 727 N.E.2d 429, 436 (Ind. 2000); *Walter v. State,* 727 N.E.2d 443, 449 (Ind.2000); *Evans v. State,* 725 N.E.2d 850, 851 (Ind.2000); *Dunlop,* 724 N.E.2d at 597; *Echols,* 722 N.E.2d at 809; *Warlick v. State,* 722 N.E.2d 809, 814 (Ind.2000); *Bonds v. State,* 721 N.E.2d 1238, 1243 (Ind.1999); *Dye,* 717 N.E.2d at 21; *Merrill v. State,* 716 N.E.2d 902, 905 (Ind.1999); *Franklin v. State,* 715 N.E.2d 1237, 1241 (Ind.1999); *Angleton v. State,* 714 N.E.2d 156, 161 (Ind.1999), *cert. denied,* 529 U.S. 1132, 120 S.Ct. 2012, 146 L.Ed.2d 961 (2000); *Garrett v. State,* 714 N.E.2d 618, 623 (Ind.1999); *Riley v. State,* 711 N.E.2d 489, 496 (Ind.1999); *Carter v. State,* 711 N.E.2d 835, 843 (Ind.1999) (Dickson, Justice, dissenting); *Thacker,* 709 N.E.2d at 10; *Brown v. State,* 698 N.E.2d 779, 784 (Ind.1998); *Weeks v. State,* 697 N.E.2d 28, 31 (Ind.1998).

obviously unreasonable" sentence is one and the same as a "manifestly unreasonable" sentence under the rule. But in *Prowell,* the words "clearly," "plainly," and "obviously" are joined by the conjunction "and." As used in *Prowell,* these adverbs are not merely redundant. They are cumulative (i.e., clearly + plainly + obviously). Linked together as a compound modifier, these words indicate a more stringent standard of appellate review than the rule itself provides.

Our supreme court does not always invoke the "clearly, plainly, and obviously" unreasonable test. *See Corbett v. State,* 764 N.E.2d 622, 632 (Ind.2002); *Lashbrook v. State,* 762 N.E.2d 756, 759 (Ind.2002); *Walker,* 747 N.E.2d at 537.[6] Chief Justice Shepard and Justices Sullivan, Rucker and former Justice Selby have never written an opinion using the "clearly, plainly, and obviously" clause. This case can be decided without resort to the *Prowell* test. Because the majority opinion relies on that formulation, I disagree with the statement of the standard of review.

It is our constitutional duty, under the rule, to determine whether in our judgment the sentence is appropriate for the defendant under the circumstances of the case. The question is whether the sentence is excessive, that is, whether the punishment fits the crime and the criminal. The sentence in this case is not excessive because it is not "manifestly unreasonable in light of the nature of the offense and the character of the offender." App. R. 7(B). Thus, I concur in the result and would affirm the sentence imposed.

---

6. In *Walker,* 747 N.E.2d at 537, Chief Justice Shepard, writing for the majority, quoted with approval this court's majority opinion in *Bluck* concerning our independent constitutional authority to review and revise sentences.