## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 26 2016, 8:42 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Camille R. Fincher, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 26, 2016 <br><br> Court of Appeals Case No. <br> 02A03-1505-CR-508 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D04-1405-FD-587 |

**May, Judge.**

Camille Fincher appeals the three-year sentence she received for Class D felony theft.[1] Because the sentence is not inappropriate and the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

On May 20, 2014, asset protection employees at a Fort Wayne Walmart observed Fincher placing $337.14 worth of merchandise into shopping bags she had brought into the store and placed inside a cart. She then attempted to exit the store without paying for the merchandise and was apprehended by Fort Wayne Police officers. Fincher was arrested and transported to the police station, where she admitted the attempted theft.

On May 27, 2014, the State charged Fincher with Class D felony theft. Fincher agreed to plead guilty, and her sentence was deferred to allow her to participate in the drug court program. Under that program, Fincher was permitted to live at home, and agreed to refrain from possessing any alcohol, drug paraphernalia, or illegal controlled substances. She also was required to obey all laws, maintain good behavior, and immediately notify her case manager if she had contact with law enforcement officials.

Fincher's participation in the drug court program was unsuccessful. Fincher's first violation occurred in September 2014 when she failed a drug test and was

---

[1] Ind. Code § 35-43-4-2(a) (2009).

given five hours of community service as a sanction. Fincher then was compliant with the program for roughly two months. However, on November 24, 2014, marijuana was found in Fincher's basement during a home visit. For this second violation, Fincher was sanctioned with another five hours of community service and required to write an essay. Fincher next failed to appear for a drug screening scheduled for December 16, 2014, and was sanctioned an additional five hours of community service as a result. Finally, on January 16, 2015, a home visit revealed empty beer cans and pill bottles containing controlled substances for which Fincher did not have a prescription. Fincher had also been spotted driving on a suspended driver's license. Fincher was remanded to jail until placement in transitional living was arranged.

On February 2, 2015, Fincher was released from custody and assigned to Charis House, transitional living center. However, before entering Charis House, Fincher committed multiple violations including unauthorized prescription medicine use, missed appointments, missed support group meetings, and failure to report a police contact. Fincher was ordered to report to jail on February 27, 2015, and she was released on March 1, 2015.

On March 2, 2015, Fincher moved into Charis House with her grandson. By April 6, 2015, Fincher was placed on restriction at Charis House pending the follow-up of a positive alcohol test she submitted in March. On April 7, 2015, Fincher violated her facility behavioral contract by leaving the Charis House without permission. Fincher was discharged from the transitional living facility.

[7] As a result of the discharge, the State filed a petition to terminate Fincher from the drug court program. At the sentencing hearing, after hearing evidence and arguments regarding sentencing, the trial court found Fincher's guilty plea a mitigating circumstance, but found Fincher's criminal history and multiple failed attempts at rehabilitation from 1981 to 2015 to be significant aggravators. The trial court sentenced Fincher to a three-year fully-executed sentence.

## Discussion and Decision

### *Abuse of Discretion*

[8] Because the sentence imposed is within the statutory range, we review the trial court's decision only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[9] Fincher argues the trial court abused its discretion in sentencing her to three years imprisonment. Specifically, Fincher claims the court abused its discretion in determining that she had "failed to complete every program in which she had been placed and that she had been revoked from every program she had been given." (Appellant's Br. at 7.) However, Fincher mischaracterizes the trial court's statement and ignores essential parts of the court's reasoning.

[10] Fincher points to specific instances where she participated in substance abuse treatment programs with no documentation of failure to complete the

programs. However, the trial court explicitly mentioned these attempts at rehabilitation in its decision:

> You've had multiple treatment efforts through Richmond State Hospital, Park Center, Brown and Associates, the Women's Bureau, Washington House and then through the drug court program and you continue your criminal conduct. I'm not sure ma'am what else there is that the court can offer.

(May 13, 2015 Hearing Tr. at 18.)[2]  Indeed, the trial court acknowledged Fincher's multiple efforts to complete treatment but noted that none of these programs resulted in successful rehabilitation of Fincher.

[11]  The State argues that even if Fincher completed a program, she did not benefit therefrom.  (Br. of Appellee at 7.)  We agree.  Fincher has been given the benefit of short jail sentences, longer jail sentences, community service, electronic monitoring, the community transition program, probation, home detention, parole, and the drug court program. Despite the numerous opportunities the State has given her to rehabilitate herself, Fincher continues to commit additional crimes.

[12]  Fincher's failure to benefit from past rehabilitation efforts is clearly supported by the record. While Fincher may not have failed or been removed from "every" rehabilitation program in which she had ever been placed, she certainly

---

[2] We note the hindrance caused by the Court Reporter's failure to number the Transcript pages consecutively pursuant to Ind. Appellate Rule 28(A)(2).

had been removed from every program the court had offered her since she pled guilty to the theft for which she was being sentenced. We cannot say that the trial court's decision is clearly against the logic and effect of the facts and circumstances. Therefore, the trial court did not abuse its discretion. *See, e.g.*, *Smith v. State*, 929 N.E.2d 255, 259 (Ind. Ct. App. 2010) (no abuse of discretion where record supported trial court's findings), *trans. denied*.

### Inappropriate Sentence

[13]     Fincher alleges her three-year sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other facts appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. Our review is deferential to the trial court's decision, and our goal is to determine whether Fincher's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*.

[14]     When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemeyer,* 868 N.E.2d at 494. The advisory sentence for a Class D felony theft is one and a half years, with a range of six months to three years. Ind. Code § 35-50-2-7(a) (2014). Fincher received a three-year sentence. One factor we consider when

determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

[15]     Fincher attempted to steal items from Walmart totaling $337.14. She did so by placing Walmart shopping bags into a cart and then placing numerous items including laundry detergent, DVDs, clothing, shoes, and other items into those shopping bags. Fincher passed all points of pay and attempted to exit the store without paying for any of these items. This was not a momentary lapse in judgment, but an intentional and carefully calculated plan to deprive Walmart of its property.

[16]     As for Fincher's character, one relevant fact is a defendant's criminal history. *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Fincher's criminal history consists of two juvenile delinquency adjudications, eighteen misdemeanor convictions, and three felony convictions—one of forgery and two of theft.

[17]     Fincher cites *Buchanan v. State,* 767 N.E.2d 967 (Ind. 2002), for the proposition that "a maximum sentence is to be reserved for the worst of the worst." (Br. of

Appellant at 9 n.2.)[3]  Fincher's reliance on *Buchanan* is misplaced.  In *Buchanan*, the defendant was convicted of Class A felony child molesting and the trial court imposed the maximum sentence of fifty years.  *Buchanan*, 767 N.E.2d at 969.  Our Indiana Supreme Court reduced Buchanan's sentence from the maximum fifty years to forty years, finding Buchanan "[was] not within the class of offenders for whom the maximum possible sentence is appropriate."  *Id.* at 974.  One of the factors considered by the court was that "the offense was not part of a protracted episode of molestation but a one-time occurrence."  *Id*. at 973.  The court also noted:

> Although maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the *class* of offenses and offenders that warrant the maximum punishment. But such class encompasses a considerable variety of offenses and offenders.

*Id.* (emphasis in original).

[18]  We are not persuaded that the three-year maximum sentence imposed in this case was inappropriate.  Unlike the defendant in *Buchanan*, whose offense was a one-time occurrence, Fincher has a criminal history of committing multiple thefts.  The record evidences this theft was the result of a carefully carried out plan to steal property from Walmart.  While Fincher contends that her "mental

---

[3] Fincher claims a proper consideration of the defendant's mental illness warrants a finding that the maximum sentence ordered was not appropriate, but she did not assert this mitigator at the sentencing hearing. *See Koch v. State*, 952 N.E.2d 359, 374-75 (Ind. Ct. App. 2011) (waiving mitigators that had not been raised at sentencing).

health difficulties . . . more readily indicate the need for probation served in a mental health facility[,]" (Br. of Appellant at 11), the record is replete with instances of Fincher's inability to comply with rehabilitation. She continues to offend. Her inability to comply with even the simplest requirements reflects poorly on her judgment and character. (*Id.*) ("In this case the lack of compliance was not imbibing alcohol or using drugs, the lack of compliance was failing to stay at Charis house and going on an Easter egg hunt with her grandson.").

[19] Based on these facts, we cannot say the sentence is inappropriate in light of Fincher's character and the nature of her offense. *See, e.g., King v. State*, 769 N.E.2d 239, 240 (Ind. Ct. App. 2002) (finding that the defendant's lengthy criminal history supported his maximum three-year sentence for Class D felony theft).

## Conclusion

[20] The trial court did not abuse its discretion in sentencing Fincher to three years imprisonment for a Class D felony theft. Fincher did not demonstrate that her sentence is inappropriate based on the nature of her offense or her character. Accordingly, we affirm.

[21] Affirmed.

Najam, J., and Riley, J., concur.