**Albert A. LEMOS, Appellant (Defendant Below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–0001–CR–5.

Supreme Court of Indiana.

May 11, 2001.

not decide whether his consent was voluntary though we express considerable doubt that it was so.

Michael E. Caudill, Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Albert Lemos was convicted of murder and sentenced to sixty years imprisonment. In this direct appeal, Lemos presents two issues for review: (1) whether the

trial court erred by improperly instructing the jury regarding the mens rea requirement for murder, and (2) whether the trial court erred in sentencing him to sixty years imprisonment. We affirm the trial court.

### Factual and Procedural Background

In the early morning of May 10, 1998, Albert Lemos, Gary Morrison, and Vongsa Phetsomphou left Lemos' home looking for Michael Pergusan, who had allegedly stolen two of Lemos' aunt's bracelets. They found Pergusan in the back seat of an abandoned Lincoln Continental in the parking lot of an apartment complex.

Lemos approached the car, leaned in the back door, and, with the help of Phetsomphou, pulled Pergusan from the car. As Phetsomphou held Pergusan, Lemos stabbed him in the back with a pocketknife. Pergusan struggled free, but was knocked to the ground and kicked in the face. Pergusan was then held against a wall while Lemos stabbed him in the chest, piercing his heart. Pergusan died at the hospital. Lemos was found guilty of murder and sentenced to an aggravated sentence of sixty years.

### I. Jury Instructions

Lemos argues that the jury instructions defining the mens rea of murder allowed the jury to confuse the culpable mental states—"knowingly" and "intentionally"—and convict on findings that do not support a murder conviction. Lemos did not raise these objections at trial. Therefore, he has waived the issue unless he can show that the instructions constituted fundamental error. *Garrett v. State,* 714 N.E.2d 618, 622 (Ind.1999). This requires an error so serious and prejudicial that it rendered a fair trial impossible. *Barany v. State,* 658 N.E.2d 60, 64 (Ind. 1995).

The charging information alleged that Lemos "knowingly" killed another human being. The jury was instructed pursuant to Indiana Code section 35–41–2–2(a) that a person acts "knowingly" if, "when he engages in the conduct, he is aware of the high probability that he is doing so." It was also instructed that Lemos acted "intentionally" if the "intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm." Lemos contends that the instruction was an incorrect statement of the law and constituted fundamental error. He argues that this language permitted the jury to find intent where only great bodily harm was "likely." He argues that the instruction on intentional killing reduced the requirement from a "high probability" of death to a "likely" result of bodily injury.

The jury instructions do not constitute fundamental error. The instruction on intent arguably had the effect Lemos claims. However, the mens rea requirement in the intentional instruction that the trial court gave is a proper formulation of that requirement for a "knowing" killing. *Barker v. State,* 695 N.E.2d 925, 931 (Ind.1998). Thus the combination of the instructions, although superfluous, did not create a false impression of the law. To the contrary, in order to convict under these instructions, the jury must have found a mens rea that was consistent with the law. It is true that the instruction on intentional killing was unnecessary because the charge alleged only a "knowing" killing. However, given that the "intentional" instruction was a correct statement of the law for a "knowing" killing, there was a correct instruction on "knowing," and that the defendant was charged with a "knowing killing," we cannot say that the inclusion of this redundant but correct instruction rendered a fair trial impossible.

## II. Sentencing Error

Lemos contends that the trial court's sentence of sixty years was manifestly unreasonable. Much of the argument in support of this claimed error suggests it is more in the nature of a procedural flaw than the imposition of a manifestly unreasonable sentence.

### A. *Aggravating Circumstances*

Lemos contends that the trial court abused its discretion by finding three aggravating circumstances: (1) Lemos' criminal history, (2) that Lemos sought out Pergusan, and (3) that Lemos killed Pergusan with a knife. If the trial court relies on aggravating or mitigating circumstances, the court must (1) identify all of the significant mitigating and aggravating circumstances, (2) state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) articulate the court's evaluation and balancing of the circumstances to determine if the mitigating circumstances offset the aggravating ones. *Harris v. State*, 659 N.E.2d 522, 527–28 (Ind.1995).

■ Lemos first contends that the trial court failed to provide reasons why each circumstance was aggravating, or why his criminal history was an aggravating circumstance. The trial court stated that Lemos' prior criminal record and the nature and circumstances of the crime warranted an aggravated sentence. Although the trial court did not give a detailed explanation of Lemos' criminal history, the presentence investigation report indicates that Lemos was on probation for battery at the time of the murder and that he had been convicted of another felony. The trial court took notice of Lemos' criminal history and judged it to be an aggravating circumstance. This is sufficient. *Ellis v. State*, 707 N.E.2d 797, 804 (Ind.1999) (nonviolent Class D felony and various misdemeanor convictions were sufficient to enhance sentence).

■ Lemos also contends that because seeking out Pergusan and killing him with a knife are elements of the crime, they are inappropriate aggravating circumstances. Lemos is correct that a trial court may not use a material element of the offense as an aggravating circumstance. *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind.2000). However, the trial court may find the nature and circumstances of the offense to be an aggravating circumstance. *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind.1999). The fact that Lemos and his assistants hunted down Pergusan is part of the nature and circumstances of the crime, not an element of the crime itself. The trial court was within its discretion to consider this factor as an aggravating circumstance. The fact that a knife was used is in itself not an aggravating circumstance, because some means is used in every murder. However, it is not clear that the trial court concluded this was a separate aggravating circumstance. In any event, one aggravating circumstance is sufficient to support the trial court's sentence. *Miller v. State*, 716 N.E.2d 367, 371 (Ind.1999).

### B. *Mitigating Circumstances*

Lemos also contends that the trial court failed to address the mitigating circumstances. On direct appeal, Lemos presents the following mitigating circumstances: (1) the involvement of the co-defendants, (2) that the victim induced the crime, (3) that the wound was fatal for want of medical attention, (4) that Lemos did not have a stable upbringing, (5) that Lemos has no history of violence, and (6) that Lemos was intoxicated.

■ On appeal, a mitigating circumstance must be significant and clearly sup-

ported by the record. *Spears,* 735 N.E.2d at 1167. A trial court need not agree with defendant's assertion of a mitigating circumstance, and the finding of a mitigating circumstance is within the discretion of the trial court. *Id.* If a mitigating circumstance is not raised by the defendant at trial, it is not available on appeal. *Id.* The only mitigating circumstances raised at trial were Lemos' unstable upbringing, his claimed lack of criminal history, and that he was intoxicated at the time of the offense. Therefore, he has waived his claim of error based on the first three circumstances he identifies on appeal.

■ Lemos contends that his family history should be a mitigating circumstance. The record presents conflicting factual information concerning Lemos' upbringing. Although Lemos raised this circumstance during the sentencing phase of his trial, the presentence investigation report indicates that Lemos described his family as close and supportive, and denied any form of abuse or mistreatment. In view of this inconsistency, Lemos' family history as a mitigating circumstance is not clearly supported by the record and the trial court was within its discretion to refuse to find it to be a mitigating circumstance.

■ As to Lemos' criminal history, the trial court found this to be an aggravating, not a mitigating, circumstance. Finally, intoxication as a mitigating circumstance involves the consideration of various factors that are best left to the trial court's discretion. In *Legue v. State,* 688 N.E.2d 408, 411 (Ind.1997), this Court observed that:

> [W]e are reluctant to hold that mitigating consideration is necessarily required for sentencing when, at the time of an offense, the defendant was intoxicated.... Finding such circumstance to be mitigating may involve the consideration and evaluation of various factors, among

them the degree of intoxication and the defendant's culpability in the knowing and voluntary consumption of alcohol. These matters are best left to the sound discretion of the trial court.

The trial court heard evidence relating to Lemos' intoxication at trial and at sentencing. The trial court did not make a specific finding of mitigation based on intoxication at the time of the offense. This was not an abuse of discretion.

### C. *Manifestly Unreasonable*

■ Lemos also contends that his sentence is manifestly unreasonable. Although this Court has the constitutional authority to revise and review sentences, Ind. Const. art. VII, § 4, it will do so only when the sentence is "manifestly unreasonable in light of the nature of the offense and the character of the offender." Former Ind.Appellate Rule 17(B) (now App.R. 7(B)). This Court's review under Rule 17(B) is very deferential to the trial court: "[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Bunch v. State,* 697 N.E.2d 1255, 1258 (Ind.1998) (quoting *Prowell v. State,* 687 N.E.2d 563, 568 (Ind.1997)).

■ The same facts on which the trial court based its aggravated sentence also support the finding that Lemos' sentence is not "manifestly unreasonable in light of the nature of the offense and the character of the offender." As to the "nature of the offense," Lemos killed Pergusan after seeking him out, helping to pull him from a car, and stabbing him multiple times while he was immobilized by an accomplice. As for "character of the offender," Lemos has a past criminal history that includes violent crimes, and was on probation for battery at the time of the murder. Lemos' sentence is not manifestly unreasonable.

## Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON and RUCKER, JJ., concur.

SULLIVAN, J., concurs except as to Part 2–C, as to which he concurs in result.