## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 03 2017, 11:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James H. Voyles
Jennifer M. Lukemeyer
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lane G. Dodson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 3, 2017<br><br>Court of Appeals Case No.<br>50A03-1702-CR-363<br><br>Appeal from the Marshall Superior Court<br><br>The Honorable Robert O. Bowen, Judge<br><br>Trial Court Cause No.<br>50D01-1503-MR-1 |

**Bailey, Judge.**

# Case Summary

[1] Lane Dodson ("Dodson") appeals his convictions, following a jury trial, for count I, attempted murder, a Level 1 felony;[1] count II, intimidation, as a Level 5 felony;[2] count III, domestic battery, as a Class A misdemeanor;[3] and count IV, domestic battery, as a Class A misdemeanor.[4] We affirm.

# Issues

[2] Dodson raises three issues on appeal which we restate as follows:

> I.    Whether the trial court erred in admitting evidence of Dodson's relationship with his wife, Heather Dodson ("Heather").
>
> II.   Whether the trial court erred by failing to sever the charges of battery and intimidation from the charge of attempted murder.
>
> III.  Whether the trial court abused its discretion in sentencing Dodson.

---

[1] Ind. Code § 35-42-1-1(1) and I.C. § 35-41-5-1.

[2] I.C. § 35-45-2-1(a)(1) and (b)(2)(A).

[3] I.C. § 35-42-2-1.3(a).

[4] *Id.*

# Facts and Procedural History

[3]     In 2011, Dodson and Heather married, and they lived in Plymouth with Dodson's two children from a previous marriage. Heather also had three children of her own from a previous relationship. During the marriage, Dodson had anger issues, and Heather became afraid of him. On December 23, 2014, while both Dodson's and Heather's children were in the marital home, Dodson confronted Heather about her extra-marital affair with Justin Pointon ("Pointon"). Dodson became angry and punched Heather in the eye with his fist. Heather assured Dodson that she was not going to call the police, and Dodson left the house. After Dodson left, Heather told the children that she had fallen.

[4]     Later that night, Dodson returned to the house and again questioned Heather about Pointon. Dodson and Heather went out to the shed behind their house so that Heather could wrap Christmas presents for the children. Dodson again began asking Heather about her affair, and he repeatedly hit her in her shoulder, face, arm, chest, stomach, and side. After beating Heather, Dodson threw her to the ground. Heather was crying, telling Dodson to stop, and trying to shield her face from him. Dodson, who was armed with a semi-automatic pistol, drew his gun from its holster and pointed it at Heather's head. Dodson stated that the world would be better off without Heather and that she was a bad mother. He then ordered Heather to get down on her knees and beg for her life, which she did. At that point, one of Heather's children knocked on the door to the shed and looked through the window, causing Dodson to stop his

attack on Heather. Dodson and Heather resumed wrapping presents. Because Dodson threatened to further hurt Heather if she told anyone about the beating, Heather told others who asked about her injuries that she had fallen.

[5] On December 28, Dodson confronted Pointon at a mutual friend's house, and he hit Pointon in the head with a pistol, causing injury. A neighbor called the police. Plymouth Police Officer Matt Emmenhiser ("Officer Emmenhiser") responded and arrested Dodson and Pointon. Dodson spent the night in jail and was released the following day.

[6] On December 29, Heather's sister, Samantha Harmon ("Harmon"), was at Heather's neighbor's, Heather Klinedinst's ("Klinedinst"), house to pick up Harmon's children. Klinedinst had previously noticed Heather's injuries and she told Harmon about them. Harmon then went to Heather's house and convinced Heather to pack up and come with the children to Harmon's house. On their way to Harmon's house, Harmon and Heather briefly stopped at their grandfather's, Lawrence Christman's ("Christman"), house and told him what had happened.

[7] When they subsequently arrived at Harmon's house, Heather was reluctant to call the police, so Harmon did so. Marshall County Sheriff Deputy Jonathan Bryant ("Deputy Bryant") then met with Harmon and Heather at Harmon's house. Heather reported to Deputy Bryant that Dodson had caused her injuries. While Heather was talking to Deputy Bryant in his patrol vehicle, Harmon received a telephone call from Christman. He informed Harmon that

Dodson had come to Christman's house looking for Heather and that Dodson appeared extremely angry. Christman stated that Dodson was on his way to Harmon's house to find Heather.

[8] Harmon immediately informed Heather and Deputy Bryant that Dodson was on his way to Harmon's house. Deputy Bryant was aware from police records that Dodson had been arrested for the battery with a pistol just the previous evening, so he took Heather to the police station for her safety. On the way to the police station, Deputy Bryant put a call out to other officers to be on the lookout for Dodson, who was driving a white van and was possibly armed, and to take Dodson into custody. Later, Heather was taken to the hospital where her injuries were photographed.

[9] After receiving the dispatch call, Indiana State Trooper William Ennis ("Trooper Ennis") saw Dodson's van. Trooper Ennis initiated a traffic stop of the van after seeing that Dodson failed to signal a turn. Trooper Ennis called for assistance from other officers after he observed Dodson acting anxiously in the driver's seat. Officer Emmenhiser and his partner Officer Bridget Hite ("Officer Hite") then arrived at the scene. Officer Hite's police vehicle was equipped with a dashboard camera, which captured the subsequent interaction between Dodson and the officers that evening.

[10] Officer Emmenhiser joined Trooper Ennis at the driver's side door of Dodson's vehicle, and the officers asked Dodson to step out of his van. Dodson replied, "F--- you." Tr. Vol. III at 96. Dodson then drew his firearm from his shoulder

holster, pointed it at Officer Emmenhiser, and fired. Officer Emmenhiser retreated toward the front of Dodson's vehicle and he and the other officers returned Dodson's fire. Dodson was shot, and he collapsed. Dodson's pistol and shell casings were retrieved from inside of the van, and Dodson was taken to the hospital to be treated for his wounds.

[11] On March 13, 2015, the State charged Dodson with the attempted murder of Officer Emmenhiser, intimidation of Heather, two counts of domestic battery of Heather, and battery, with moderate bodily injury, of Pointon. Prior to Dodson's trial and pursuant to Indiana Rule of Evidence 404(b)(2), the prosecutor provided notice of his intent to introduce evidence of Dodson's and Heather's violent relationship during their marriage. Dodson did not object to the admission of that evidence. At the trial, Heather provided testimony about the two times Dodson beat her on December 23, and the trial court admitted photographs of Heather's injuries from December 23 without objection. At the conclusion of Dodson's subsequent trial, a jury found him guilty as charged on all counts except count V, the battery charge related to Pointon, for which the jury found Dodson not guilty.

[12] At sentencing, the trial court found that Dodson's minimal criminal history and his low risk of re-offense were mitigating factors. The trial court found as aggravating factors that Dodson discharged a firearm at police officers without provocation, and he failed to take responsibility for his actions against the police officers by alleging a plot against him, despite clear video evidence showing him initiating gun fire with the officers. The trial court found that the

aggravating circumstances outweigh the mitigating factors, and it sentenced Dodson to an aggregate term of thirty-five years in the Department of Correction.

[13] This appeal ensued.

# Discussion and Decision

## Admission of Evidence of Defendant's and Victim's Relationship

[14] Dodson contends that the following evidence that he was abusive toward Heather was improperly admitted: Heather's testimony that Dodson was controlling of Heather and that she was afraid of him; and Christman's testimony that he had suspected that Dodson had abused Heather when Christman had seen bruises on Heather in the past. The admission of evidence is reviewed for an abuse of discretion. *E.g.*, *Speybroeck v. State*, 875 N.E.2d 813, 818 (Ind. Ct. App. 2007). However, as Dodson concedes, his failure to object to the admission of the evidence waives his right to review unless the admission was fundamental error. *E.g.*, *Treadway v. State*, 924 N.E.2d 621, 633 (Ind. 2010). The fundamental error exception to waiver is extremely narrow and only applies when the error constitutes a blatant violation of basic principles, the harm or potential harm is substantial, and the resulting error denies the defendant fundamental due process and renders a fair trial impossible. *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013). "[A]t bottom, the fundamental-error doctrine asks whether the error was so egregious and

abhorrent to fundamental due process that the trial judge should or should not have acted, irrespective of the parties' failure to object or otherwise preserve the error for appeal." *Whiting v. State*, 969 N.E.2d 24, 34 (Ind. 2012).

[15] Dodson maintains that the challenged evidence was inadmissible under Indiana Rule of Evidence 404(b), which provides, in relevant part:

> (b) Crimes, Wrongs, or Other Acts.

>> (1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

>> (2) *Permitted Uses*; … This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

When assessing the admissibility of Rule 404(b) evidence, the court must determine that the evidence of other crimes or wrongs is relevant to a matter at issue other than the defendant's propensity to commit the charged crime, and the court must balance the probative value of the evidence against its prejudicial effect pursuant to Indiana Rule of Evidence 403. *Hicks v. State*, 690 N.E.2d 215, 221 (Ind. 1997).

[16] Here, the evidence of Dodson's and Heather's tumultuous past relationship[5] was probative of Dodson's motive for beating and threatening Heather and of the nature of their relationship in general. Our Supreme Court has repeatedly held that a defendant's prior bad acts of violence or threats of violence are "usually admissible" under Rule 404(b)(2) to show the relationship between the defendant and the victim, and to show the defendant's motive where the charge is battery or murder. *Hicks*, 690 N.E.2d at 222; *see also Spencer v. State*, 703 N.E.2d 1053, 1056 (Ind. 1999); *Ross v. State*, 676 N.E.2d 339, 346 (Ind. 1996); *Elliott v. State*, 630 N.E.2d 202, 204 (Ind. 1994); *Price v. State*, 619 N.E.2d 582, 584 (Ind. 1993). The challenged evidence of Dodson's and Heather's past relationship was probative of Dodson's relationship with Heather and his motive for intimidating and battering her on December 23, 2014.

[17] Moreover, Dodson has failed to articulate how the challenged evidence prejudiced him in any way. Parties to an appeal are required to present cogent argument. Ind. Appellate Rule 46(A)(8). While Dodson asserts that the evidence "had such an impact on the case that it prevented [him] from receiving a fair trial on the relevant facts to each count," Appellant's Br. at 16, he provides no explanation of how this is so. It is especially unclear how the challenged evidence would have prejudiced his case when there was a

---

[5] We note that Heather's testimony that she was afraid of Dodson is not a "prior act" of Dodson's that is subject to the 404(b) analysis. *See Hicks*, 690 N.E.2d at 221, n.11. It is also questionable whether Heather's testimony that Dodson was controlling of her relates to a "bad act;" however, for the sake of argument, we assume that it does.

significant amount of unchallenged evidence describing in detail his beatings of Heather on December 23 and depicting the injuries from those beatings. Dodson has failed to present cogent argument as to how the challenged evidence was prejudicial, and we will not attempt to develop such arguments for him. *Thomas v. State*, 965 N.E.2d 70, 77 n.2 (Ind. Ct. App. 2012), *trans. denied*.

[18] The trial court did not commit fundamental error when it admitted Heather's testimony that Dodson was controlling of her and Christman's testimony that he had suspected Dodson had abused Heather in the past, as such testimony was probative of Dodson's relationship with Heather and his motive for the crimes charged. Furthermore, Dodson failed to show any prejudicial effect regarding the admission of that evidence.

## Failure to Sever Charges

[19] Dodson asserts that the trial court erred in failing to sever the charges of battery and intimidation from the charge of attempted murder. However, Dodson never moved to sever the charges. Therefore, he has waived his appeal on those grounds.

[20] Indiana Code Section 35-34-1-12(a) (emphasis added) provides as follows:

> A defendant's motion for severance of crimes or motion for a separate trial must be made before commencement of trial, except that the motion may be made before or at the close of all the evidence during trial if based upon a ground not previously

known. *The right to severance of offenses or separate trial is waived by failure to make the motion at the appropriate time*.

We have held that, pursuant to the express language of this statute, a defendant waives his right to severance of offenses when he fails to renew a motion for severance that was denied before trial. *Brown v. State*, 683 N.E.2d 600, 603 (Ind. Ct. App. 1997), *trans. denied*; *see also Hobson v. State*, 495 N.E.2d 741, 744 (Ind. Ct. App. 1986) (noting "the express language of the statute and the decisions of our Supreme Court" provide for waiver upon failure to renew a motion to sever). Here, Dodson never even made a motion to sever to begin with. If a defendant waives severance by failing to renew a motion, he certainly waives it by failing to make the motion at all.

[21] Moreover, it is well-established that we generally will not address an argument that was not raised in the trial court and is raised for the first time on appeal.

> [A] trial court cannot be found to have erred as to an issue or argument that it never had an opportunity to consider. Accordingly, as a general rule, a party may not present an argument or issue on appeal unless the party raised that argument or issue before the trial court. *Marshall v. State*, 621 N.E.2d 308, 314 (Ind. 1993). In such circumstances the argument is waived. *Id*.

*Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004). By failing to move for severance of the charges or raise the issue of severance at all before the trial court, Dodson has waived our consideration of that issue on appeal.

# Abuse of Discretion in Sentencing

## *Standard of Review*

[22]   Dodson maintains that the trial court erred in sentencing him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*. A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any[6]—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

[23]   *Id*. (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). However, the relative weight or value

---

[6] We note that, under the advisory sentencing scheme that replaced the presumptive sentencing scheme in 2005, the trial court "no longer has an obligation to weigh aggravating and mitigating factors against each other when imposing a sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). However, neither is the trial court prohibited from identifying facts in aggravation or mitigation. *Id*. And, if the trial court does find the existence of such factors, "then the trial court is required to give 'a statement of the court's reasons for selecting the sentence that it imposes.'" *Id*. (quoting Ind. Code § 35-38-1-3 (2006)).

assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion, *id.*, and a trial court is under no obligation to explain why a proposed mitigator does not exist or why the court found it to be insignificant. *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014), *trans. denied*.

### *Reasonably Detailed Sentencing Statement*

[24] Dodson's first contention is that the trial court's statement at sentencing was not sufficiently detailed. Trial courts imposing felony sentences must make statements which may be oral, written, or both, *Gleason v. State*, 965 N.E.2d 702, 711 (Ind. Ct. App. 2012), and which include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Anglemyer*, 868 N.E.2d at 490. And, while the trial court is not required to consider aggravating and mitigating factors, if its recitation of its reasons for the sentence includes such factors, the trial court "must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating." *Id*.

[25] Here, the trial court found that Dodson's minimal criminal history and his low risk of re-offense were mitigating factors. But the trial court also found that Dodson shooting, unprovoked, at police officers and failing to show remorse for his actions were aggravators that outweighed the mitigating factors. In its

oral sentencing statement,[7] the trial court explained that the discharge of the firearm without provocation was an aggravating factor because "[t]he offense was against a law enforcement officer and the officers did not pose any threat to [Dodson] nor provoke[] any reaction on [Dodson's] part." Tr. Vol. IV at 242. The trial court further explained that Dodson's lack of remorse for his crime was demonstrated by his continued allegations that the police officers plotted against him, despite clear video evidence showing him initiating gun fire with the officers. *Id*. at 242-43. That is a "reasonably detailed sentencing statement that explained the trial court's reasons for imposing the sentence" and the record supported those reasons. *Kimbrough v. State*, 979 N.E.2d 625, 629 (Ind. 2012) (citing *Anglemyer*, 868 N.E.2d at 490).

### *Consideration of Improper Reasons*

[26] Dodson also asserts that the trial court abused its discretion by considering improper reasons for his sentence. Specifically, Dodson maintains that the trial court erred in finding his use of a firearm and his plea of innocence as aggravating factors. However, Dodson misstates what the trial court found to be aggravating factors.

[27] As Dodson points out, a trial court may not use a material element of the crime as an aggravating factor. *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000).

---

[7] A trial court's consideration of the mitigating and aggravating factors "may be evidenced in either the written order or in an oral sentencing statement." *Anderson v. State*, 989 N.E.2d 823, 826 (Ind. Ct. App. 2013) (citing *Gleason*, 965 N.E.2d at 711), *trans. denied.*

However, the trial court may find the nature and circumstances of the offense to be an aggravating circumstance. *Lemos v. State*, 746 N.E.2d 972, 975 (Ind. 2001). Here, as in *Lemos*, the fact that a specific weapon was used "is in itself not an aggravating circumstance, because some means is used in every murder." *Id*. However, as in *Lemos*, it does not appear that the trial court concluded that discharging the firearm was a separate aggravating circumstance. Rather, the trial court emphasized in both its oral and written sentencing statements that Dodson shooting at a police officer *without any provocation* was an aggravating circumstance. That is part of the nature and circumstance of the crime, and the trial court did not abuse its discretion in finding it to be an aggravating factor. *Id*.

[28] Further, while a defendant's denial of guilt is not a permissible aggravating factor, his lack of remorse is. *Deane v. State*, 759 N.E.2d 201, 205 (Ind. 2001). Here, the trial court did not find that Dodson's plea of innocence was the evidence of his lack of remorse. Rather, the court specifically stated that Dodson's continued allegations that the police officers plotted against him, despite clear video evidence showing him initiating gun fire with the officers, showed his lack of remorse. We cannot say that the trial court abused its discretion in reaching that conclusion. *Cf. Dockery v. State*, 504 N.E.2d 291, 297 (Ind. Ct. App. 1987) (holding trial court's use of lack of remorse as an aggravating factor was impermissible where it was based *solely* upon defendant's continued assertion of his innocence).

### *Failure to Properly Weigh Factors*

[29] Finally, Dodson maintains that the trial court abused its discretion by failing to give sufficient weight to his poor physical health and his lack of a criminal history. As our Supreme Court stated in *Anglemyer*, "[b]ecause the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, … a trial court cannot now be said to have abused its discretion in failing to 'properly weigh' such factors." *Anglemyer*, 868 N.E.2d at 491 (citations omitted). Therefore, we must decline Dodson's request that we review the relative weight of the proposed mitigating factors. *Gross*, 22 N.E.3d at 869.

# Conclusion

[30] The trial court did not commit fundamental error when it admitted evidence of Dodson's and Heather's relationship, as that evidence was admissible under Indiana Rule of Evidence 404(b)(2). Furthermore, Dodson has waived our review of the severance of charges by failing to raise that issue before the trial court. And the trial court did not abuse its discretion in its sentencing of Dodson.

[31] Affirmed.

Baker, J., and Altice, J., concur.